UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
OCT 21 2015
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) AZ No. 16-579mJ |
| v. | ) NO. S2-4:15CR00258 AGF (DDN) |
| | ) |
| JAYSON MONROE, | ) |
| a/k/a "J-Mo," | ) |
| RONALD RAY GAVIN, | ) |
| a/k/a "Mookie," "Mook," | ) |
| LARRY GAVIN, | ) |
| a/k/a "Petey," | ) |
| BRUCE LANARD JOHNSON, | ) |
| WILLIAM L. GAVIN, | ) |
| a/k/a "Will," "Chill," Chillard," | ) |
| LORENZO KOONCE, | ) |
| EMMANUEL DONTAE FORD, | ) |
| LEAHA MARIE HAZZA, and | ) |
| BRIAN KELCEY KNIGHT, | ) |
| | ) |
| Defendants. | ) |

PTA 11/28/16

## SUPERSEDING INDICTMENT

### COUNT I

The Grand Jury charges that:

Beginning sometime in March of 2014, with the exact date unknown date, and continuing to the date of this Indictment, in the Eastern District of Missouri and elsewhere,

**JAYSON MONROE, a/k/a "J-Mo,"
RONALD RAY GAVIN, a/k/a "Mookie," "Mook,"
LARRY GAVIN, a/k/a "Petey,"
BRUCE LANARD JOHNSON,
WILLIAM L. GAVIN, a/k/a "Will," "Chill," "Chillard,"
LORENZO KOONCE,
EMMANUEL DONTAE FORD,
LEAHA MARIE HAZZA, and
BRIAN KELCEY KNIGHT,**

the defendants herein, did knowingly and willfully conspire, combine, confederate, and agree with each other and other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance; and a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846.

### Quantity of Controlled Substances Involved in the Conspiracy

1. With respect to defendant JAYSON MONROE, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one (1) kilogram or more of mixture or substance containing a detectable amount of heroin, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(i).

2. With respect to defendant JAYSON MONROE, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

3. With respect to defendant RONALD RAY GAVIN, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one (1) kilogram or more of mixture or substance containing a detectable amount of heroin, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(i).

4. With respect to defendant RONALD RAY GAVIN, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

5. With respect to defendant LARRY GAVIN, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one (1) kilogram or more of mixture or substance containing a detectable amount of heroin, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(i).

6. With respect to defendant LARRY GAVIN, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

7. With respect to defendant BRUCE LANARD JOHNSON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one (1) kilogram or more of mixture or substance containing a detectable amount of heroin, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(i).

8. With respect to defendant BRUCE LANARD JOHNSON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

9. With respect to defendant WILLIAM L. GAVIN, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one (1) kilogram or more of mixture or substance containing a detectable amount of heroin, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(i).

10. With respect to defendant WILLIAM L. GAVIN, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

11. With respect to defendant LORENZO KOONCE, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one (1) kilogram or more of mixture or substance containing a detectable amount of heroin, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(i).

12. With respect to defendant LORENZO KOONCE, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

13. With respect to defendant EMMANUEL DONTAE FORD, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

14. With respect to defendant LEAHA MARIE HAZZA, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is five hundred (500) grams or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

15. With respect to defendant BRIAN KELCEY KNIGHT, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

## **FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 853, upon conviction of an offense in violation of Title 18, United States Code, Sections 841 and 846 as set forth in Count I, the defendants shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

3. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. 2014 Jeep Grand Cherokee, VIN: 1C4RJFDJ1EC571139;

   b. Taurus, Model "The Judge," .45caliber/410 gauge revolver, serial number DS219565;

  c. Smith & Wesson, Model SW9VE, 9mm semi-automatic pistol, serial number DUN5119;

  d. Maverick Arms, Model 88, 12 gauge shotgun, serial number MV81487D; and

  e. miscellaneous ammunition.

4. If any of the property described above, as a result of any act or omission of the defendant(s):

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

            A TRUE BILL.

            *Karen Roberts*
            FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

*/s/ signature/*
DEAN R. HOAG, #23843MO
Assistant United States Attorney

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF MISSOURI

US MARSHALS SERVICE
E/MO ST. LOUIS

2015 OCT 21  PM 3 03

| United States of America | ) | |
| v. | ) | Case No. S2-4:15CR00258 AGF (DDN) |
| | ) | |
| BRIAN KELCEY KNIGHT | ) | Az No. 16-519 MJ |
| | ) | |
| _Defendant_ | ) | |

MPA
11/28/16

## ARREST WARRANT

To:   Any authorized law enforcement officer

   **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_ _____BRIAN KELCEY KNIGHT_____,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☒ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

Count I - Conspiracy to distribute and possess with intent to distribute cocaine (in excess of 500 grams), a Schedule II controlled substance, in violation of Title 21, U.S.C., Sections 846 and 841(a)(1).

Date:   October 21, 2015                                 _[signature]_
                                                         _Issuing officer's signature_

City and state:   St. Louis, Missouri                    GREGORY J. LINHARES, Clerk U.S. District Court
                                                         _Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____, and the person was arrest on _(date)_ _____ at _(city and state)_ _____. |
| Date: _____ |
| _Issuing officer's signature_ |
| _Printed name and title_ |